IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA M. JONES, | ) | |
| | ) | Case No.: 09-CV-4596 |
| | ) | |
| Plaintiff, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| v. | ) | |
| | ) | |
| MAN 2 MEN USA, CORPORATION, | ) | |
| PALM USA, INC. d/b/a CITY SPORTS, | ) | |
| And ROSELAND FASHION & | ) | |
| SPORTSWEAR INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is an action for discrimination on the basis of race and sex, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000c. *et seq.* and under the Illinois Human Rights Act, 775 ILCS 5/2-101. *et seq.* Before the Court is a motion [44] filed by Defendant Palm USA, Inc., d/b/a City Sports ("City Sports") to dismiss Counts I and II of Plaintiff's complaint (which allege discrimination on the basis of race) pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, City Sports moves for a more definite statement pursuant to Rule 12(e). For the following reasons, City Sports' motion [44] is denied.

**I.  Background**[1]

From April 2003 to April 2006, Plaintiff (an African American woman) worked at a Man 2 Men sportswear apparel store in Chicago. Plaintiff was hired as a sales clerk and was later promoted to store manager. Although the store operated under the name "Man 2 Men," City

---

[1] For purposes of Defendant's motion, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, e.g., *Killingsworth v. HSBC Bank Nevada*, *N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Unless otherwise specified, the source of all facts in this section is Plaintiff's first amended complaint [28].

1

Sports acted as Plaintiff's joint employer with Man 2 Men.[2]  City Sports manager Bo Khan ("Khan") exercised managerial authority over Plaintiff.

Starting in April 2005 and continuing until her termination, Khan (an Asian male) allegedly abused his authority over Plaintiff by repeatedly sexually harassing her.  The complaint describes a number of examples of lewd sexual comments, conduct, and advances Khan directed at Plaintiff.  Plaintiff repeatedly voiced her opposition to Khan's conduct, both to Khan directly and to City Sports co-owner Amy Bae.

After one incident during which Khan allegedly "called out to three or four male employees, told them to 'watch this,' and proceeded to smack Plaintiff on the buttocks," Plaintiff again confronted Khan and told him to stop bothering her.  ¶ 10.  In response, Khan "snapped that he was going to have her 'black ass fired.'"  ¶ 12.  The next day, Khan spoke with Bae about terminating Plaintiff and the following day, Plaintiff was terminated.

Count I of the complaint alleges race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000c. *et seq.* and Count II alleges race discrimination under the Illinois Human Rights Act, 775 ILCS 5/2-101. *et seq*.  Both counts allege that Plaintiff was treated differently than Caucasian employees in that she "was terminated just two days after Khan, an Asian male, told her he was going to have her 'black ass fired.'"  ¶¶ 15; 19.  Both counts explicitly allege that Plaintiff was fired "because of her race."  ¶¶ 16, 20.  City Sports argues that Plaintiff has not stated a claim for race-based discrimination.  Instead, City Sports argues, Plaintiff's complaint alleges only "that she was terminated in retaliation of her confrontation against Kahn's alleged sexual advances."  (City Sports Reply [59] at 3).

---

[2] On November 9, 2010, this Court entered an order of default against Defendant Man 2 Men USA, Corporation and Defendant Roseland Fashion & Sportswear, Inc. (which allegedly is Man 2 Men's successor, transferee, and/or assign) for failure to answer or otherwise plead to Plaintiff's amended complaint [62].

Following her termination, Plaintiff filed timely charges with the Illinois Department of Human Rights and the EEOC against City Sports and Defendant Man 2 Men. On May 20, 2009, Plaintiff received her right-to-sue letters from the EEOC. Plaintiff commenced this suit on July 29, 2009 [1].

## II. Legal Standard for Rule 12(b)(6) Motions to Dismiss and Rule 12(e) Motions for a More Definite Statement

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 569 n. 14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 562. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

A party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A defendant can move for a more definite statement under Rule 12(e) where a "pleading fails to

3

specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

**III. Analysis**

    **A. City Sports' Motion to Dismiss**

In its motion to dismiss, City Sports argues that Plaintiff has not pled sufficiently detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss in the wake of *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Defendants, however, overlook the minimal pleading standard required for employment discrimination claims. See *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081-84 (7th Cir. 2008). Because Plaintiff has satisfied that standard, the Court respectfully rejects City Sports' argument.

Applying *Twombly* to claims of employment discrimination, the Seventh Circuit in *Tamayo* "acknowledg[ed] that a complaint must contain something more than a general recitation of the elements of the claim," but "reaffirmed the minimal pleading standard for simple claims of race or sex discrimination." *Id.* at 1084; see also *Levin v. Madigan*, 697 F. Supp. 2d 958, 967 (N.D. Ill. 2010) (describing the minimal pleading standard for employment discrimination claims after *Twombly* and *Tamayo*); *Velazquez v. Office of Ill. Scy. of State*, 2009 WL 3670938. *2 (N.D. Ill. Nov. 2, 2009) (same). *Twombly* established "two easy-to-clear hurdles" for a complaint in federal court: (1) the complaint must provide sufficient notice to enable the defendant to investigate and prepare a defense, and (2) the allegations must suggest a plausible-not merely speculative-right to relief. *Tamayo*, 526 F. 3d at 1084 (quoting *Concentra Health Servs., Inc.*, 496 F. 3d at 776). Even after the heightened pleading standard set forth in *Twombly*, a complaint alleging employment discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her

[race]." *Tamayo*, 526 F. 3d at 1084. Contrary to City Sports' arguments, the complainant "need not allege either the factual or legal elements of a prima facie case under the employment-discrimination laws." *Simpson v. Nickel*, 450 F.3d 303, 305 (7th Cir. 2006) (citing *Swierkiewicz v. Sorema,* 534 U.S. 506 (2002)). Explaining the minimal pleading standard required for employment discrimination claims, the Seventh Circuit has noted that "[p]eople have reasonably clear ideas of how a racially biased person might behave, and a defendant responding to an allegation of racial bias can anticipate the sort of evidence that may be brought to bear and can investigate the claim." *Concentra,* 496 F.3d at 782. Moreover, "once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim." *Id.* An allegation that states "quite generally," "I was turned down for a job because of my race" is sufficient to survive a 12(b)(6) motion to dismiss. *Id.* (quoting *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998)).

Plaintiff has satisfied the minimal pleading standard for race discrimination claims. Plaintiff claims that she is an African American woman, who had recently been promoted and was satisfactorily meeting her employer's expectations, but was then fired "because of her race." Cmplt. at ¶¶ 16, 20. Although Plaintiff only had to plead that she suffered an adverse employment action on the basis of her race, see *Tamayo*, 526 F. 3d. at 1084, Plaintiff nonetheless pleads additional facts that give additional plausibility to her claim. Namely, Plaintiff alleges that her supervisor told Plaintiff that he was going to have her "black ass fired," *Id*. at ¶¶ 15; 19, just two days before she was in fact fired. Furthermore, Plaintiff alleges that she was "treated differently than Caucasian employees" who, presumably, were not subject to termination on the grounds of race. *Id*. ¶¶ 15; 19; *Barnes*, 420 F. 3d at 677 (court draws all reasonable inferences in

5

favor of the plaintiff).

These factual allegations provide City Sports with sufficient notice to investigate and prepare a defense to Plaintiff's claims. See *Tamayo*, 526 F. 3d. at 1084. Moreover, "it is difficult to see what more [Plaintiff] could have alleged, without pleading evidence, to support her claim that she was discriminated against" based on her race. *Id.* at 1085; see also *Blanks v. Hare*, 2009 WL 5166204, *2 (C.D. Ill. Dec. 21, 2009) (citing *Tamayo*, 526 F.3d at 1081) (allegations that plaintiff was treated unfavorably as compared to similarly situated "non-black employees" by being removed from her teaching room, that she complained about the discrimination and was then fired on [a] pretext sufficient to give Defendant sufficient notice of Plaintiff's claims under Title VII).[3]

### B. City Sports' Motion for a More Definite Statement

Motions under Rule 12(e) are generally disfavored and courts should grant such motions only if complaint is so unintelligible that the defendant cannot draft responsive pleading. *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 724 (N.D. Ill. 1998); *Moore v. Fidelity Financial Services, Inc.*, 869 F. Supp. 557, 559-560 (N.D. Ill. 1994); 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1377, at 336 (3d ed. 2004). For the reasons explained above, Plaintiff has adequately alleged that she was discriminated against on the basis of her race. The complaint is not unintelligible such that City Sports cannot respond to Plaintiff's claims. To the contrary, the allegations of the complaint provide City Sports ample notice of the basis of Plaintiff's suit and, thus, City Sports has an adequate basis for responding to them. See,

---

[3] The elements of a claim for race based discrimination under Title VII and the Illinois Human Rights Act are identical, see *e.g. Heinze v. Southern Illinois Healthcare*, 2010 WL 276722, *3 (S.D. Ill. Jan. 19, 2010), and "[c]laims under the Illinois Human Rights Act are analyzed under the same standards as Title VII claims." *Cooper v. Illinois Dept. of Natural Resources*, 2010 WL 2178720, *2 n.1 (citing *Bd. of Trustees of S. Ill. Univ. v. Knight,* 516 N.E.2d 991, 995 (Ill. App. 5th Dist.1987). Accordingly, because the Court has concluded that Plaintiff has adequately pled a claim for race discrimination under Title VII, her claim under the Illinois Human Rights Act survives as well.

*e.g. Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 992 and n.6 (N.D. Ill. 2010) (denying motion for more definite statement in employment discrimination case, and noting that Seventh Circuit has recognized that a plaintiff alleging employment discrimination under Title VII may allege these claims "quite generally"). It is clear from City Sports' filings (which, *inter alia*, set forth the elements of a *prima facie* case of race discrimination) that it understands that Plaintiff is attempting to plead a cause of action for race discrimination. Accordingly, any argument that City Sports does not understand the nature of Plaintiff's claim is a non-starter. See *Richard v. State Farm & Casualty Co.*, 2008 WL 838824, *1 (S.D. Ill. March 28, 2008) (denying motion for more definite statement where it was clear that defendant understood plaintiff's allegation of racial discrimination in violation of federal law).

In its motion for more definite statement, City Sports seeks additional facts showing "how [Plaintiff] was treated differently than Caucasian employees, if there was any Caucasian employees in City Sports" and facts "as to more favorable treatment for similarly-situated employees." (Def. Mem. [46] at 4). Again, a plaintiff "need not allege either the factual or legal elements of a prima facie case under the employment-discrimination laws." *Simpson*, 450 F.3d at 305. Notice having been provided for the basis of Plaintiff's claim, discovery is the proper vehicle for City Sports to obtain additional facts, not a motion for a more definite statement. *Moore*, 869 F. Supp. at 560 (citing *Garza v. Chicago Health Clubs, Inc.,* 329 F. Supp. 936, 942 (N.D. Ill. 1971); 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1376 at 737-741 (1969) ("Rule 12(e) motions are not to be used as substitutions for discovery")).

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement pursuant to Rule 12(e) [44] is denied.

Dated:  December 9, 2010                    _____
                                            Robert M. Dow, Jr.
                                            United States District Judge